BRUCE A. KILDAY, ESQ., SB No. 066415
    Email:  bkilday@akk-law.com
CARRIE A. McFADDEN, ESQ., SB No. 245199
    Email:  cmcfadden@akk-law.com
JOHN A. WHITESIDES, ESQ., SB No. 125611
    Email:  jwhitesides@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants CITY OF STOCKTON [also sued as "STOCKTON POLICE DEPARTMENT"] and all 32 individual officers

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE KOUSSAYA,<br><br>                          Plaintiff,<br><br>         vs.<br><br>CITY OF STOCKTON; STOCKTON POLICE DEPARTMENT; OFFICER MARK BOLING; OFFICER DAVID BROWN; OFFICER BRAD BURRELL; OFFICER GEORGE CAMACHO; OFFICER RALPH DOMINGUEZ; OFFICER PANCHO FREER; OFFICER MATTHEW GARLICK; OFFICER ERIKA GONZALEZ; OFFICER JOHN GRIFFIN; OFFICER GABRIEL GUERRERO; OFFICER DAVID HILAND; OFFICER CLIFF HOFFMAN; OFFICER RODGER HOLSCHER; OFFICER KEVIN KNALL; OFFICER SEAN KONOSKE; OFFICER PATRICK MAYER; OFFICER KRISTEN MCCLURE; OFFICER JULIO MORALES; OFFICER RYAN MORRIS; OFFICER RYAN RANKIN; OFFICER MIKE RODRIGUEZ; OFFICER IVAN ROSE; OFFICER LANCE SAUR; OFFICER MICHAEL SERNA; | Case No.:<br><br>**NOTICE OF REMOVAL OF STATE ACTION (28 U.S.C. § 1441(b))** |

OFFICER PETE SMITH; OFFICER TELLY        )
STRIKA; OFFICER JASON UNDERWOOD;        )
OFFICER NETO URIAS; OFFICER               )
SAMNANG VEN; OFFICER EDWARD               )
WEBB; OFFICER DRAKE WIEST;                )
OFFICER RONALD ZALUNARDO; AND            )
DOES 1 TO 100 INCLUSIVE,                  )
                                          )
                    Defendants.           )
                                          )
_____ )

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), all 32 individual officers hereby remove to this Court the following action:  Superior Court of the State of California, County of San Joaquin, Case No. STK-CV-UNPI-2016-3703, entitled *Stephanie Koussaya v. City of Stockton; Stockton Police Department; Officer Mark Boling; Officer David Brown; Officer Brad Burrell; Officer George Camacho; Officer Ralph Dominguez; Officer Pancho Freer; Officer Matthew Garlick; Officer Erika Gonzalez; Officer John Griffin; Officer Gabriel Guerrero; Officer David Hiland; Officer Cliff Hoffman; Officer Rodger Holscher; Officer Kevin Knall; Officer Sean Konoske; Officer Patrick Mayer; Officer Kristen McClure; Officer Julio Morales; Officer Ryan Morris; Officer Ryan Rankin; Officer Mike Rodriguez; Officer Ivan Rose; Officer Lance Saur; Officer Michael Serna; Officer Pete Smith; Officer Telly Strika; Officer Jason Underwood; Officer Neto Urias; Officer Samnang Ven; Officer Edward Webb; Officer Drake Wiest; Officer Ronald Zalunardo; and DOES 1 to 100 inclusive*, originally filed on April 18, 2016.  A copy of the summons and complaint in Case No. STK-CV-UNPI-2016-3703 is attached hereto as Exhibit A.  Defendants have not yet answered or otherwise responded to the complaint.  No other proceedings have yet occurred therein.  Defendant City of Stockton (also sued as "Stockton Police Department") was served with the complaint on May 12, 2016.  The 32 individual officer defendants were served August 4, 2016.  Defendant City of Stockton [also sued as "Stockton Police Department"] consents to, and joins in, this removal.

Venue is proper in the Eastern District of the State of California, Sacramento Division, because the state action is venued in San Joaquin County.  This removal is timely pursuant to

1  section 1446(b) in that the 32 individual officer defendants were first served with copies of the

2  summons and complaint on August 4, 2016.

3       This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it

4  arises under 42 U.S.C. § 1983, with Plaintiff alleging that her Fourth and Fourteenth Amendment

5  rights were violated by removing Defendants.  No named defendant exists in the case other than

6  the removing defendants, and City of Stockton (also sued as "Stockton Police Department").

7  Accordingly, removal is proper under §§ 1441(a) and 1446(b)(2)(A).

8

9

10  Dated:  August 19, 2016                    ANGELO, KILDAY & KILDUFF, LLP

11                                        */s/ John A. Whitesides*
                                       By:_____
12                                         BRUCE A. KILDAY
13                                         CARRIE A. McFADDEN
                                         JOHN A. WHITESIDES
14                                         Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

NOTICE OF REMOVAL OF STATE ACTION (28 U.S.C. § 1441(b))

**Exhibit A**

| | **SUM-100** |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
See Additional Parties Attachment Form Attached
hereto

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Stephanie Koussaya

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:** *(Número del Caso):*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Joaquin County Superior Court
222 E. Weber Avenue, Room 303
Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Piering, Esq. SBN:166858   Piering Law Firm
775 University Avenue              (916) 446-1944
Sacramento, CA 95825

| **DATE:** | **Clerk, by** | | **, Deputy** |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Koussaya, Stephanie

| SHORT TITLE: | ᴄᴀꜱᴇ NUMBER: |
|---|---|
| Koussaya v. City of Stockton, et al., | STK-CV-UNPI-2016-3703 |

### INSTRUCTIONS FOR USE

➢ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➢ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

City of Stockton; Stockton Police Department; Officer Mark Boling;
Officer David Brown; Officer Brad Burrell; Officer George Camacho;
Officer Ralph Dominguez; Officer Pancho Freer; Officer Matthew Garlick;
Officer Erika Gonzalez; Officer John Griffin; Officer Gabriel Guerrero;
Officer David Hiland; Officer Cliff Hoffman; Officer Rodger Holscher;
Officer Kevin Knall; Officer Sean Konoske; Officer Patrick Mayer;
Officer Kristen McClure; Officer Julio Morales; Officer Ryan Morris;
Officer Ryan Rankin; Officer Mike Rodriguez; Officer Ivan Rose; Officer
Lance Saur; Officer Michael Serna; Officer Pete Smith; Officer Telly
Strika; Officer Jason Underwood; Officer Neto Urias; Officer Samnang
Ven; Officer Edward Webb; Officer Drake Wiest; Officer Ronald
Zalunardo; and DOES 1 to 100
inclusive,

Page_____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons     Koussaya, Stephanie

SUM-100

**SUMMONS**

*(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |
| | FILED |
| | 16 APR 18 PM 2:31 |
| | ROSA JUNQUEIRO, CLERK |
| | BY ROCIO PIMENTEL |
| | DEPUTY |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
See Additional Parties Attachment Form Attached
hereto

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Stephanie Koussaya

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| | CASE NUMBER: *(Número del Caso):* |
| | STK-CV-UNPI-2016-0003703 |

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Joaquin County Superior Court
222 E. Weber Avenue, Room 303
Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Piering, Esq. SBN:166858    Piering Law Firm
775 University Avenue                 (916) 446-1944
Sacramento, CA 95825

DATE:   APR 18 2016    ROSA JUNQUEIRO, Clerk, by   ROCIO PIMENTEL   , Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under:  ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Koussaya, Stephanie

# SUPERIOR COURT OF CALIFORNIA

**San Joaquin County**
**222 E. Weber Avenue**
**Stockton, CA 95201**

### NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: STK-CV-UNPI-2016-0003703

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 10/17/2016 | Time: 8:30 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Linda L. Lofthus | Stockton | 11 | (209)992-5693 |

## [ x ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

   a. **Serve all named defendant's and file proofs of service on those defendants with the court** Within 60 days of the filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 04/18/2016                                    _____Rita Gomez_____,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Robert A. Piering, Esq. SBN: 166858
Piering Law Firm
775 University Avenue
Sacramento, CA 95825
TELEPHONE NO: (916) 446-1944   FAX NO: (916) 446-1221

ATTORNEY FOR (Name): Stephanie Koussaya

FILED

APR 18 PM 12: 09

ROSA JUNGUERO, CLERK
RITA L. GOMEZ
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Avenue, Room 303
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Civil

CASE NAME: Koussaya v. City of Stockton, et al.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | STK-CV- UNPI -2016-3703 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | LINDA L. LOFTHUS |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 18, 2016

Robert A. Piering, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

Koussaya, Stephanie

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert A. Piering, Esq. SBN: 166858<br>Piering Law Firm<br>775 University Avenue<br>Sacramento, CA 95825 | |

TELEPHONE NO.: (916) 446-1944 FAX NO.: (916) 446-1222

ATTORNEY FOR (Name): Stephanie Koussaya

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Avenue, Room 303
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Civil

CASE NAME: Koussaya v. City of Stockton, et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 18, 2016

Robert A. Piering, Esq.
(TYPE OR PRINT NAME)                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Koussaya, Stephanie

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice-
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Martin Dean's
ESSENTIAL FORMS™

Koussaya, Stephanie

Robert A. Piering, Esq.
State Bar No. 166858
John D. Beals, Esq.
State Bar No.: 200596
PIERING LAW FIRM
775 University Avenue
Sacramento, CA 95825
Telephone (916) 446-1944
Facsimile (916) 446-1222

Attorneys for Plaintiff
Stephanie Koussaya

FILED
SUPERIOR COURT STOCKTON

2016 APR 18 PM 12: 08

ROSA JIMENEZ-ROBLE CLERK
RITA L. GOMEZ

BY _____
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| STEPHANIE KOUSSAYA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF STOCKTON; STOCKTON POLICE DEPARTMENT; OFFICER MARK BOLING; OFFICER DAVID BROWN; OFFICER BRAD BURRELL; OFFICER GEORGE CAMACHO; OFFICER RALPH DOMINGUEZ; OFFICER PANCHO FREER; OFFICER MATTHEW GARLICK; OFFICER ERIKA GONZALEZ; OFFICER JOHN GRIFFIN; OFFICER GABRIEL GUERRERO; OFFICER DAVID HILAND; OFFICER CLIFF HOFFMAN; OFFICER RODGER HOLSCHER; OFFICER KEVIN KNALL; OFFICER SEAN KONOSKE; OFFICER PATRICK MAYER; OFFICER KRISTEN MCCLURE; OFFICER JULIO MORALES; OFFICER RYAN MORRIS; OFFICER RYAN RANKIN; OFFICER MIKE RODRIGUEZ; OFFICER IVAN ROSE; OFFICER LANCE SAUR; OFFICER MICHAEL SERNA; OFFICER PETE SMITH; OFFICER TELLY STRIKA; OFFICER JASON UNDERWOOD; OFFICER NETO URIAS; OFFICER SAMNANG VEN; OFFICER EDWARD WEBB; OFFICER DRAKE WIEST; OFFICER RONALD ZALUNARDO; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.: STK-CV-UNPI-2016-3703<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; ASSAULT & BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENCE AND DAMAGES<br><br>JURY TRIAL DEMANDED |

PIERING LAW FIRM
775 University Avenue
Sacramento, CA 95825
(916) 446-1944

Complaint for Violation of Civil Rights, etc.,

1

THIS CASE HAS BEEN ASSIGNED TO
JUDGE LINDA L. LOFTHUS IN
DEPARTMENT 11 FOR ALL PURPOSES,
INCLUDING TRIAL

# I.

## INTRODUCTION

This case arises out of the civil rights violation of plaintiff Stephanie Koussaya at the hands of the defendants during the afternoon of July 16, 2014.

# II.

## PARTIES

1.     Plaintiff Stephanie Koussaya is, and at all times herein mentioned was, a resident of the county of San Joaquin.

2.     Defendant City of Stockton is a governmental entity, duly organized and existing under the laws of the State of California.

3.     Defendant Stockton Police Department is, and at all times herein mentioned was, an agent of defendant City of Stockton.

4.     Defendants Officer Mark Boling, Officer David Brown, Officer Brad Burrell, Officer George Camacho, Officer Ralph Dominguez, Officer Pancho Freer, Officer Matthew Garlick, Officer Erika Gonzalez, Officer John Griffin, Officer Gabriel Guerrero, Officer David Hiland, Officer Cliff Hoffman, Officer Rodger Holscher, Officer Kevin Knall, Officer Sean Konoske, Officer Patrick Mayer, Officer Kristen McClure, Officer Julio Morales, Officer Ryan Morris, Officer Ryan Rankin, Officer Mike Rodriguez, Officer Ivan Rose, Officer Lance Saur, Officer Michael Serna, Officer Pete Smith, Officer Telly Strika, Officer Jason Underwood, Officer Neto Urias, Officer Samnang Ven, Officer Edward Webb, Officer Drake Wiest, and Officer Ronald Zalunardo are, and at all relevant times herein were, employed as law enforcement officers by Defendant City of Stockton, and were acting within the course and scope of their employment. These defendants are being sued in their individual capacity. Based upon information and belief, each of these officers fired on the vehicle.

5.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sues these defendants

1   by such fictitious names and capacities.  Plaintiff will amend this complaint to allege

2   their true names and capacities when the same is ascertained.  Plaintiff is informed

3   and believes and thereon alleges that each of the fictitiously named defendants are

4   responsible in some manner for the occurrences herein alleged, and that Plaintiff's

5   injuries as herein alleged were legally caused by said acts and/or omissions.

6        6.      Plaintiff has complied with the administrative tort claims requirement

7   under California law.

8                                        **III.**

9                           **STATEMENT OF FACTS**

10       7.      On or about July 16, 2014, plaintiff was working as a bank teller at the

11  Bank of the West located at the corner of 7810 Thornton Road in Stockton, CA in

12  the City of Stockton.  The bank was known by the defendants to have been robbed

13  in the past and was situated in a high crime area in a city where crime rates were

14  already far above national averages.

15       8.      On January 31, 2014, the bank was robbed by Gilbert Renteria Jr. and

16  Alex Gregory Martinez.   The two men entered the bank on foot with guns and

17  robbed the bank.   As part of their escape plan, the men demanded the keys to a

18  car from a bank employee.  They then asked where the car was parked and exited

19  the bank, turning; however, in the wrong direction from where the car was parked.

20  After looking for the car for a short period of time, Renteria and Martinez were able

21  to locate the vehicle and fled making their successful escape without further

22  incident.  During this robbery, neither Renteria nor Martinez threatened to take

23  hostages and neither of them were apprehended by law enforcement, even though

24  the defendants had sufficient information and evidence to identify and arrest one or

25  both robbers prior to July 16, 2014.

26       9.      On July 16, 2014, Gilbert Renteria, Jr., Alex Gregory Martinez and

27

28

1  Jaime Ramos ("the robbers") returned to rob the bank once again.  As in the

2  previous robbery, the robbers approached the bank on foot, after being dropped off

3  by an accomplice.  When the robbers entered the bank, a bank employee activated

4  a silent alarm notifying the City of Stockton police department of the robbery in

5  progress.   The robbers were unaware of alarm notification and after they entered

6  the bank they followed the same routine as they had in the successful January 2014

7  robbery.  They gathered everyone into one area and then directed the bank

8  manager to take them to the bank vault.  During the entire time of the robbery, the

9  robbers assured and reassured Plaintiff and others in the bank that no one would be

10  hurt as long as they followed directions.

    10.     Once the robbers secured the money from the bank, they demanded

11  keys to a car from one of the people inside of the bank just as they had done in the

12  January 31, 2014 robbery.  The bank's manager, Kelly Huber, recognizing the

13  robbers and their method of operation from the prior robbery in January, offered

14  the keys to her car.  To avoid any confusion with respect to the location of the car,

15  the robbers requested Huber exit the bank with them to identify the exact location

16  of her vehicle.  Huber then exited the bank with the robbers to show the robbers

17  the location of her vehicle.   Plaintiff was left in the bank unharmed and safe inside

18  the bank.

19      11.     During the robbery, a Stockton police car arrived at the scene and

20  pulled up alongside the Bank parking lot with its lights on. Shortly thereafter,

21  another police car arrived and parked on the side of the Bank parking lot. A third

22  police car parked in the parking lot, fully visible to those exiting the bank. As the

23  robbers left the bank with only Huber, they were met by defendant Stockton police

24  officers with guns drawn who yelled threatening remarks and forced all three

25  robbers back into the bank.  In response to the verbal and physical threats of the

26  defendants, the robbers grabbed Huber and used her as a human shield as they

27  retreated back into the bank where other bank customers and employees safely

28  remained until the robbers were forced back into the bank.   Once they reentered

1   the bank, the robbers grabbed Misty Holt-Singh and plaintiff and then exited the

2   bank with the Huber, Misty Holt-Singh and plaintiff at gunpoint.

3       12.    The three gunmen left the bank with the 3 hostages and entered

4   Huber's Explorer.   Huber was ordered to drive, with one suspect placed in the

5   passenger seat, another between Misty and plaintiff in the back seat, and a third

6   suspect in the very back of the vehicle.

7       13.    The police began pursuit through residential streets, firing their

8   weapons numerous times at the vehicle containing the hostages. The pursuit

9   ultimately lasted approximately one hour and went onto city and residential streets

10   in both Lodi and Stockton.

11       14.    At 14:18:34, just two minutes after leaving the bank, Huber was

12   accidentally shot in the leg by robber Jaimie Ramos.  The bullet wound

13   incapacitated Huber and she was no longer able to drive the vehicle.  The robbers

14   then opened the driver's side door and forced the bank manager out of the car.

15   Suspect Renteria then assumed control of the vehicle and accelerated north on

16   Thornton Road with multiple law enforcement vehicles in pursuit.

17       15.    During the ensuing pursuit, more and more police officers from

18   defendant City of Stockton joined in the chase, and thereby escalated and

19   continued to escalate the desperation of the robbers as they attempted to evade

20   the police.  There was no established chain of command, no established course of

21   action, no limit imposed on the number of officers from defendant Stockton Police

22   Department who joined in the pursuit, no rules established to contain or diffuse the

23   pursuit and general disregard for the well-being and safety of plaintiff and Holt-

24   Singh.   Indeed, police officers of defendant City of Stockton identified herein shot

25   at the suspect vehicle as the robbers made their escape knowing all the while that

26   innocent victims plaintiff and Holt Singh were in the car and were being held and

27   used as shields against the defendant officers' gunfire and pursuit.   As the pursuit

28   continued, plaintiff recognized that if she did not get out of the car, she would be

killed by the defendants.   Desperately, plaintiff decided her only chance at survival

1   was to jump from the moving car which she luckily did at 15:15:54, just two (2)

2   minutes before the police defendants disabled the suspect car and 32 officers shot

3   as many as 600 indiscriminate bullets into the car, killing two of the robbers and

4   the remaining innocent victim Misty Holt-Singh.  Notably, all the bullets found in the

5   body of Misty Holt-Singh were fired by police officers, not by the robbers.

6       16.   The hostage situation would not have arisen if the defendants, and

7   each of them, had followed their own armed robbery protocols and general orders

8   by staying out of sight until the robbers separated from innocent victims and/or

9   hostages.  This failure to follow established general orders and protocol caused the

10  robbers to take hostages and allowed the robbers to use hostages to become

11  human shields in an effort to escape.  Had the police followed general orders and

12  proper protocol and remained inconspicuous until the robbers were away from the

13  innocent victims, none of the victims would have been taken hostage and made to

14  suffer the physical, emotional and permanent harms sustained as alleged more

15  particularly below.   In fact, the robbers would have driven away without any

16  hostages as they had in the first robbery.   Instead, hostages were taken, one

17  hostage was killed by the police, another victim was shot in her right leg and

18  plaintiff was compelled to jump out of a moving car because of the police pursuit

19  and bullets being shot into the car by the defendants.   By pursuing, shooting at

20  and ultimately stopping the vehicle, the defendants seized all persons, including

21  plaintiff, in the vehicle.

22      17.   Plaintiff is informed and believes and thereon alleges that her injuries

23  were a direct and foreseeable harm resulting from defendants' failure to exercise

24  the duty of care owed to plaintiff, by both their intentional use of deadly and

25  excessive force and in the use of deadly weapons in attempting to pursue the

26  vehicle plaintiff was known to be in.  The use of unreasonable deadly force by

27  Stockton Police officers is not uncommon. Within the last six years alone Stockton

28  Police officers shot 27 individuals, killing 17.

18.     The above-described acts, omissions, intentional and/or negligent conduct by defendants was and is the factual and legal cause of plaintiff's damages as hereinafter set forth.

19.     Plaintiff is informed and believes and thereon alleges that defendant City of Stockton by and through its supervisory employees and agents, has and had a mandatory duty of care to properly and adequately hire, train, retrain, supervise, and discipline its police officers/deputies so as to avoid unreasonable risk of harm. With deliberate indifference, the defendants, and each of them, failed to take necessary, proper, and/or adequate measures to prevent the violation of plaintiff's rights and violated general orders and standard bank robbery procedures in their response to the robbery and pursuit of the robbers.

20.     Plaintiff is informed and believes and thereon alleges that defendants City of Stockton, Stockton Police Department and DOES 1 through 100, and each of them, breached their duty of care to the public and plaintiff in that they failed to adequately train, supervise, and discipline their officers in the proper response to robberies, making of detentions, pursuit, arrests and in the use of deadly force.

21.     The lack of supervisorial training demonstrates the existence of a formal or an informal custom, policy or practice of promoting, tolerating, and/or ratifying with deliberate indifference the continued use of deadly and excessive force against suspects, detainees and in particular, plaintiff herein, by the defendants, and each of them.

22.     The Defendants, and each of them, acted under color of law by subjecting plaintiff without lawful justification to excessive force thereby depriving plaintiff of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.     The right to not be deprived of life and liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.     The right to be free from the use from excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.     The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

e.     The right to be free from deprivation of life and/or liberty, protected by the Fourteenth Amendment to the United States Constitution.

**A.**

**The Stockton Police Department failed to follow standard, well-established robbery, response, pursuit and apprehension protocols.**

23.     The Stockton Police department failed to follow standard and well-recognized protocol when responding to the in-progress armed bank robbery. The first arriving officers should arrive in stealth to avoid detection by the perpetrators. Officers want to preserve the element of surprise to avoid a hostage situation in which the people inside the bank may be harmed.   In other words, the officers do not want the criminals to know of their presence because doing so would endanger the innocent victims inside the establishment and create a hostage situation that may not otherwise exist.

24.     This fundamental protocol is set forth in the 1992 Model Policy for a Bank Alarm Response from the IACP National Law Enforcement Policy Center (Dept of Justice) as follows:

B.     Responding Officer Procedures
1.     Responding officers shall use appropriate vehicular warning devices when approaching the scene, but the siren will not be used within the hearing range of the reported robbery.

PIERING LAW FIRM
775 University Avenue
Sacramento, CA 95825
(916) 446-1944

Complaint for Violation of Civil Rights,  etc.,                    8

3.   The first unit on the scene shall serve as the primary unit until relieved by a supervisor, and shall take a position in front of the facility that provides good observation without being easily visible to those inside. The primary unit shall report on observable conditions at the location to the dispatcher but should not initially approach the building.

25.   The Stockton Police Department's General Order for Robbery Alarms (including Hold-Up Alarms and Bank Alarms) sets forth this same requirement that the initial officers responding to the scene should avoid detection because a "hostage situation could be initiated by police response being recognized by the robbers."

STOCKTON POLICE DEPARTMENT

GENERAL ORDER

ROBBERY ALARMS
SUBJECT

DATE: _March 1, 2005_____          NO: _N-1_____

FROM: _CHIEF THOMAS T. MORRIS_          TO: ALL PERSONNEL____

INDEX: Alarm Calls
       Robbery Alarms
       Hold-up Alarms
       Bank Alarms

B.   Bank and Business Robbery Alarms

    1.   Immediately upon receipt of a holdup alarm from a bank or business by the Telecommunications Center, or telephone call of a robbery in progress, field units normally will be informed on all six radio channels and the Telecommunications Center will dispatch a minimum of three units to the scene.

    2.   Assigned responding units shall give their location upon receiving the call and will answer the radio as dispatched.

        a.   Units will respond "Code 3" and may discontinue the use of red lights and siren when close to arrival and respond the remainder of the distance in accordance with traffic laws. The exact time to discontinue "Code 3" response is to be decided by each individual member assigned to respond, taking into consideration the fact a hostage situation could be initiated by police response being recognized by the robbers.

26.   Instead, as confirmed by video footage, the City of Stockton's police arrived at the Bank of the West with lights on and took positions that were in full

PIERING LAW FIRM
775 University Avenue
Sacramento, CA 95825
(916) 446-1944

Complaint for Violation of Civil Rights, etc.,

9

1   view of the bank robbers.   Instead of allowing the gunmen to continue leaving the

2   Bank as was originally planned, the police's flawed response forced the gunmen

3   back into the bank, where they then took hostages, including Misty Holt-Singh and

4   plaintiff, and fled in Huber's vehicle.



(Photograph showing an officer in full view of the Bank windows.)

15       27.      The department's negligent, reckless, intentional actions continued

16   for well over an hour.  Instead of trying to preserve the safety of the known

17   innocent hostages, the Stockton Police Department engaged in a high-speed chase

18   through residential streets and public highways.   During this chase, which lasted

19   over an hour, officers repeatedly discharged their weapons at the suspect vehicle

20   even though it was known there were innocent hostages inside.  At such time, the

21   officers and their superiors were able to deliberate and had the opportunity to make

22   reasoned judgments in their apprehension and pursuit of the suspects.   The failure

23   and inability of the police officers to effectively direct their deadly gunfire away

24   from plaintiff and Misty Holt-Singh during and immediately following the

25   termination of the pursuit, created an unreasonable risk of harm and ultimately

26   caused the death of Misty Holt-Singh and caused plaintiff severe and permanent

27   injury hereinafter alleged.  This was counter to the primary police objective in

28   hostage taking situations—to first take all necessary steps to free innocent persons

1   who are endangered and held against their will.  The chasing officers could have

2   withdrawn from the pursuit, scaled back or de-escalated their deadly pursuit,

3   allowing the police helicopter to visually track the escaping vehicle until all hostages

4   were free of the vehicle.

**B.**

**The Stockton police failed to train and supervise its employees to follow up on known leads of one of the perpetrators following the January 31, 2014 robbery.**

5

6

7

8

9   28.    In the 30 months before the July 16, 2014 robbery, the Bank of the

West branch on Thornton Rd. in Stockton had been victimized by numerous armed

10  robberies. One of these robberies took place on January 31, 2014. That day,

11  Stockton police officers arrived at the scene shortly after the robbery and began

12  their investigation. After taking the statement of a bank employee, Officer Sandoval

13  on January 31, 2014, located a suspicious vehicle reported southwest of the bank

14  belonging to Gilbert Renteria, Jr., who was one of the gunmen from the January 31

15  robbery.  The vehicle was impounded, and subsequently searched pursuant to a

16  warrant on February 4, 2014.  Officers located Gilbert Renteria's California

17  Identification Card within the vehicle along with two large freezer bags of live

18  ammunition—one bag contained over 140 rounds of rifle ammunition.

19  29.    Gilbert Renteria, Jr. matched the description of one of the suspects of

20  the January 31, 2014 robbery. Despite having located, identified, and impounded

21  the suspicious vehicle on January 31, 2014—registered to Gilbert Renteria, Jr.,

22  containing his identification and a store of live ammunition—the Stockton Police

23  Department failed to supervise its employees in following up on this important lead.

24  Renteria, who was a known criminal on parole and could have been arrested for

25  possessing firearms, continued to live in Stockton, and was never questioned about

26  his possible role in the robbery.  The Stockton Police Department failed to manage,

27  direct, and ensure its officers and detectives followed protocol in investigating a

possible suspect in the January 2014 robbery.

28

PIERING LAW FIRM
775 University Avenue
Sacramento, CA 95825
(916) 446-1944

Complaint for Violation of Civil Rights,  etc.,

11

30.    Had there been any reasonable supervision of its employees by Stockton police, Renteria would have been apprehended long before having the opportunity to repeat the same crime on July 16, 2014.  As a result, Renteria was never questioned or apprehended following the January 31, 2014 robbery. Renteria and Alex Martinez clearly felt that they could repeat virtually the exact same crime at the same location on July 16, 2014 without fear of being caught.

31.    In addition, defendant City of Stockton and Stockton Police Department, department wide, failed to conduct reasonable training, supervision, and control of it officers in the response to possible hostage situations, failed to conduct reasonable training, supervision, and control of it officers in the pursuit and apprehension of armed suspects with hostages.

**C.**

**The City of Stockton and Koussaya have agreed that Koussaya is granted partial relief from the bankruptcy discharge injunction in order to commence and prosecute this action**

32.    On June 28, 2012, prior to the events that caused severe and permanent injury to plaintiff and Huber, and took the life of Misty Holt-Singh, the City of Stockton filed its bankruptcy petition in the United States District Court, Eastern District of California, commencing a bankruptcy case (*In re City of Stockton, California*, Case No. 12-32118 (Bank. E.D. Cal.) and referenced by its pleadings as "Docket" throughout this section) under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code").

33.    The bankruptcy court entered its order for relief under 11 U.S.C. § 921(d) on April 1, 2013, finding that the petition satisfies the requirements under the Bankruptcy Code and that the City of Stockton was eligible for relief under chapter 9. *See* Docket No. 843.

34.    Plaintiff timely filed a claim with the City of Stockton on January 8, 2015 pursuant to the Government Claims Act, California Government Code section 810 *et seq*. (See Exhibit "A", hereafter, "Government Claim"). At that time, the City

1    was formally placed on notice that plaintiff intended to hold them liable for injuries

2    she sustained in the incident. Over the next several months, plaintiff's counsel

3    corresponded with Stockton City Attorneys requesting documents relating to the

4    incident and the claims being advanced by plaintiff herein.

5          35.     Plaintiff is the holder of a claim in the City's bankruptcy case

6    represented by an Amended Claim filed with the Bankruptcy Court on December 4,

7    2015. (A copy of the Amended Claim—with its own internal exhibits omitted—is

8    attached to this First Amended Complaint as Exhibit "B".)

9          36.     On March 25, 2016, the City of Stockton and Koussaya reached a

10    stipulation in the Bankruptcy Court to permit this action to proceed. (See Exhibit

11    "C".) That stipulation was approved and entered as an order by the Bankruptcy

     Court on March 29, 2016, and provides as follows:

12          a. Pursuant to Article XI.A of the Plan and § 944 of the Bankruptcy Code,

13             confirmation of the Plan discharged all non-excepted, pre-confirmation

14             debts of the City in exchange for the rights afforded in the Plan and

15             the treatment of all holders of Claims (as the term "Claims" is defined

16             in the Plan).  The Koussaya Claim was not excepted from such

17             discharge. (Exhibit "C", Stipulation ¶ 1.)

18          b. Koussaya's Government Claim is deemed to be a timely filed proof of

19             claim pursuant to the Ninth Circuit's informal proof of claim doctrine

20             under *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 812 (9th Cir.

21             1983), and its progeny.  The Amended Proof of Claim is deemed to be

22             a properly and timely filed amendment to the Government Claim.

23             (Exhibit "C", Stipulation ¶ 2.)

24          c. The statute of limitations under state law for Koussaya to commence

25             an action against the City among others on account of the Claims

26             expires on July 16, 2016. (Exhibit "C", Stipulation ¶ 4.)

27          d. Koussaya has been granted partial relief from the Discharge Injunction

28             in order to commence a new action—this action—in the Superior Court

to litigate all causes of action against the City, among other parties, on the underlying Claims (the "New Action"). Koussaya and the City of Stockton agreed that the legal and factual merits of the Claims shall be determined by the Superior Court, and that the Superior Court has jurisdiction to determine the validity and amount of the Claims. (Exhibit "C", Stipulation ¶ 5.)

e. The complaint in the New Action is to state—as it does here—that: (1) any judgment, settlement, or other final determination obtained by Koussaya against the City will be treated in accordance with the terms of the Plan for claimants holding claims classified in Class 14 – Claims of Certain Tort Claimants; and (2) Koussaya will not execute on any judgment or settlement or seek recovery as against the City or any property of the City except as provided for in the Plan. (Exhibit "C", Stipulation ¶ 6.)

f. Upon entry of any judgment, settlement or other final determination in the New Action of the validity and the amount of the causes of action underlying the Koussaya Claim, the City will be legally obligated to pay as damages such judgment, settlement, or other final determination subject to the provisions of the Plan, including but not limited to, the application of the discount as provided for in the treatment of Class 14 – Claims of Certain Tort Claimants in which the Koussaya Claim was placed. Notwithstanding any such judgment, settlement, or other final determination, Koussaya shall waive only her right to collect the SIR Claim Portion (as "SIR Claim Portion" is defined in the Plan) of the Koussaya Claim which the City would be required to pay to Koussaya under the Plan. (Exhibit "C", Stipulation ¶ 7.)

g. As set forth in the Plan, "[t]he Insured Portion of each Allowed General Liability Claim is not Impaired, and shall be paid by the applicable excess risk-sharing pool." The stipulation between the City of the

Stockton and Koussaya was not intended in any way to impair, restrict, diminish or enlarge Koussaya's ability to recover the Insured Portion (as "Insured Portion" is defined in the Plan) of any eventual judgment, settlement, or award against the City from the applicable excess risk sharing pool. For the avoidance of any doubt, the "property of the City" referenced in paragraph 36(e) above does not include the Insured Portion. (Exhibit "C", Stipulation ¶ 8.)

h. Except as expressly provided in Exhibit "C", all rights of the City to object to or defend against the claims in the New Action on any ground are expressly preserved. However, so long as the complaint and other allegations in the New Action are consistent with the statements in Paragraph 6 of the Stipulation—which they are—the City shall not assert in the New Action that (1) the Discharge Injunction prohibits Koussaya from pursuing the New Action in the Superior Court, or (2) the New Action is barred by the applicable statute of limitations as long as the New Action is filed by July 16, 2016. (Exhibit "C", Stipulation ¶ 9.)

## IV.

## DAMAGES

37.    As a legal result of Defendants' violation of Plaintiff's civil rights under 42 U.S.C. §1983; the Fourteenth Amendment, Civil Code sections 52.1, 51.7, et seq.; the assault, battery, intentional infliction of emotional distress and negligence, Plaintiff was injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff mental, physical, and nervous pain and suffering.

38.    As a further legal result of Defendants' violation of Plaintiff's civil rights under 42 U.S.C. §1983; the Fourteenth Amendment, Civil Code sections 52.1, 51.7,

1   et seq.; the assault, battery, intentional infliction of emotional distress and

2   negligence, Plaintiff was required to and did and will continue to be required to

3   employ physicians and other medical experts for medical examination, treatment

4   and cure of her injuries, and did incur and will continue to incur medical and

5   incidental expenses in an amount to be determined according to proof at trial

6       39.    As a further legal result of Defendants' violation of Plaintiff's civil rights

7   under 42 U.S.C. §1983; the Fourteenth Amendment, Civil Code sections 52.1, 51.7,

8   et seq.; the assault, battery, intentional infliction of emotional distress and

9   negligence, Plaintiff was subjected to lost earnings, loss of earning capacity, time

10  and energy all to her further damage in an amount to be determined according to

11  proof at trial.

12      40.    As a further legal result of Defendants' violation of Plaintiff's civil rights

13  under 42 U.S.C. §1983; the Fourteenth Amendment, Civil Code sections 52.1, 51.7,

14  et seq.; the assault, battery, intentional infliction of emotional distress and

15  negligence, Plaintiff was subjected to property damage, loss of use, consequential

16  damages, and other economic damages all to her further damage in an amount to

17  be determined according to proof at trial.

18      41.    Plaintiffs found it necessary to engage the services of private counsel

19  to vindicate plaintiff's rights under the law. Plaintiff is therefore entitled to an award

20  of attorneys' fees and/or costs pursuant to statute(s) in the event that he is a

21  prevailing party in this action under 42 U.S.C. §§§§1983, 1985-86 and 1988 and

22  other statutes and legal authorities.

23                          **FIRST CAUSE OF ACTION**

24  **Violation of Fourth Amendment of the United States Constitution
    (42 U.S.C. §1983)**

25      42.    Plaintiff incorporates by reference herein, repleads and realleges

26  paragraphs 1 through 41 of this complaint as though fully set forth herein.

27      43.    Defendants' above-described conduct violated Plaintiff's rights as

28

1   provided for under the Fourth Amendment to the United States Constitution to be

2   free from unreasonable seizures.

3      WHEREFORE, plaintiff prays judgment against the defendants, and each of

4   them, as hereinafter set forth.

## SECOND CAUSE OF ACTON
### Violation of Fourth Amendment of the United States Constitution
### (42 U.S.C. §1983)

7   44.    Plaintiff incorporates by reference herein, repleads and realleges

8   paragraphs 1 through 43 of this complaint as though fully set forth herein.

9   45.    Defendants' above-described conduct violated Plaintiff's right as

10   provided for under the Fourth Amendment to the United States Constitution to be

11   free from excessive force and/or the arbitrary and/or unreasonable use of deadly

12   force against her.

13      WHEREFORE, plaintiff prays judgment against the defendants, and each of

14   them, as hereinafter set forth

## THIRD CAUSE OF ACTON
### Violation of Fourteenth Amendment of the United States Constitution
### (42 U.S.C. §1983)

17   46.    Plaintiff incorporates by reference herein, repleads and realleges

18   paragraphs 1 through 45 of the this complaint as though fully set forth herein.

19   47.    Defendants' above-described conduct violated Plaintiff's right as

20   provided for under the Fourteenth Amendment to the United States Constitution to

21   be free from deprivation of life and/or liberty, showing callous disregard and

22   deliberate indifference towards the rights and interests of plaintiff.

23      WHEREFORE, plaintiff prays judgment against the defendants, and each of

24   them, as hereinafter set forth.

25   ///

26   ///

27

28

**FOURTH CAUSE OF ACTON**
**(Violation of Plaintiff's Right to Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**

48.    Plaintiff incorporates by reference herein, repleads and realleges paragraphs 1 through 47 of this complaint as though fully set forth herein.

49.    Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

50.    As a legal result of the wrongful conduct of the defendants, and each of them, Plaintiff suffered damages as set forth above and hereinafter.

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as hereinafter set forth.

**FIFTH CAUSE OF ACTON**
**(Assault And Battery)**

51.    Plaintiff incorporates by reference herein, repleads and realleges paragraphs 1 through 50 of the complaint as though fully set forth herein.

52.    Defendants' above-described conduct constituted assault and battery.

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as hereinafter set forth.

**SIXTH CAUSE OF ACTON**
**(Intentional Infliction of Emotional Distress)**

53.    Plaintiff incorporates by reference herein, repleads and realleges paragraphs 1 through 52 of the complaint as though fully set forth herein.

54.    Defendants' above-described conduct constituted intentional infliction of emotional distress.

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as hereinafter set forth.

### SEVENTH CAUSE OF ACTON
### (Monell)
### (42 U.S.C. §1983)

55.     Plaintiff incorporates by reference herein, repleads and realleges paragraphs 1 through 54 of the complaint as though fully set forth herein.

56.     Plaintiff is informed and believes and thereon alleges that high ranking officials of defendant City of Stockton, including high ranking Stockton Police Department officers and agents, and each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by officers of the City of Stockton.

57.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference of the defendants, and each of them as referenced hereinabove, and the reckless and/or conscious disregard for the misconduct by defendants Does 33 through 100, and/or each of them Plaintiff's constitutional rights were violated.

58.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard for the misconduct by defendants and Does 1 through 100, and/or each of them, the remaining defendants, and each of them, encouraged these officers to continue their course of misconduct.

59.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking officials, including high ranking City of Stockton Police Department supervisors, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a.      The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.     The right to not be deprived of life and liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.     The right to be free from the use from excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.     The right to equal protection of the laws as guaranteed by the Fourteenth Amendments to the United States Constitution; and/or

e.     The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

60.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as hereinafter set forth.

## EIGHTH CAUSE OF ACTON
### (General Negligence)

61.     Plaintiff incorporates by reference herein, repleads and realleges paragraphs 1 through 60 of the complaint as though fully set forth herein.

62.     Defendants' above-described and/or omissions were negligent and careless in violation both state and federal laws and otherwise breached duties of reasonable care.

63.     As a legal result of the wrongful acts and/or omissions of the defendants, and each of them, Plaintiff suffered damages as set forth above and hereinafter.

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as hereinafter set forth.

///

**JURY DEMAND**

64.   Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, plaintiff prays judgment against defendants, and each of them—except as limited by the stipulation and order as alleged in paragraph 36 of the complaint—as follows:

1.   For all general, compensatory, non-economic damages in an amount to be determined according to proof;

2.   For all past and future medical, incidental, economic, consequential and/or special damages incurred by Plaintiff in an amount to be determined according to proof;

3.   For all past and future lost earnings in an amount to be determined according to proof;

4.   For exemplary and punitive damages in an amount to be determined according to proof at trial;

5.   For reasonable attorneys' fees and costs of suit herein incurred;

6.   For prejudgment and postjudgment interest in an amount to be determined according to proof at trial;

7.   For such other and further relief as the court may deem fair and proper.

Dated: April 15, 2016                              PIERING LAW FIRM


                                                   BY:
                                                   ROBERT A. PIERING
                                                   Attorneys for Plaintiff

///

///

EXHIBIT "A"

# CLAIM FOR DAMAGES

## CITY OF STOCKTON

RECEIVED

CITY CLERK

Note: Claims for bodily injury or death, damage to personal property, or damage to growing crops may be filed on this form, not later than six months after the occurrence out of which the claims arose. All other claims must be filed not later than one year after the occurrence out of which the claims arose. (Refer to California Government Code sections 910.4 and 911.2)

*DIRECTION:* The original claim must be filed with the City of Stockton City Clerk's Office, 425 North El Dorado Street, Stockton, California 95202. Retain the yellow copy for your records.

Date of
Birth 9/8/1983

NAME OF CLAIMANT: Koussaya          Stephanie
                  (Last)          (First)          (Middle)

HOME ADDRESS/PHONE: 775 University Avenue, Sacramento, CA 95825     (916) 446-1244
                    (Number/Street)          (City/State/ZipCode)     (Phone Number)

BUSINESS ADDRESS/PHONE: _____
                        (Number/Street)     (City/State/Zip Code)     (Phone Number)

*DIRECTION: Indicate to which address you wish notice sent*     ☒ HOME          O BUSINESS

WHEN DID INJURY OR DAMAGE OCCUR?     July 16, 2014          Wednesday          2:10 p.m.
                                    (Month/Day/Year)          (Day of Week)     (Time of Day)

WHERE DID INJURY OR DAMAGE OCCUR?
(Street address, intersecting streets, or other location)-

See Exhibit "A" Attached hereto and incorporated by reference

HOW DID INJURY OR DAMAGE OCCUR?
(Describe accident or occurrence in complete detail) See Exhibit "A" Attached hereto and incorporated by reference

NAME OF CITY EMPLOYEE(S) INVOLVED? To be determined

WHAT ACTION OR INACTION OF CITY EMPLOYEE(S) CAUSED YOUR INJURY OR DAMAGES? See Exhibit "A"

attached hereto and incorporated by reference.

WHAT INJURIES OR DAMAGES DID YOU SUFFER? See Exhibit "A" attached hereto and incorporated by reference.

TOTAL AMOUNT CLAIMED: ☒ Unlimited case--over $25,000.00     O Limited case--$25,000.00 or less

If under $10,000.00, please specify amount $ _____

*DIRECTION: Sign and date this Claim For Damages below. If the signer is not the claimant, indicate the relationship of the signer to the claimant.*

_____          1/8/15          _____
(Signature)                     (Month/Day/Year)     (Social Security Number-Optional)

Attorney Robert Piering
(Relationship of signer, if not claimant)

*DIRECTION: You may attach and include with this completed form any bills for medical treatment and expenses, and any estimates or bills for personal property damage. Questions may be referred to (209) 937-8807*

NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (Refer to California Penal Code Section 72)

Exhibit "A" to Government Claim of Stephanie Koussaya

On July 16, 2014, at or about 2:10 pm, three armed gunman entered the Bank of the West banking center located on the 7800 block of Thornton Road in Stockton, California.   The gunman stated they were robbing the bank and after securing funds from the bank, demanded a car for their escape.   A bank employee offered her keys to the robbers and then left the bank with the robbers to direct them to her car.   Before reaching the car, the robbers were confronted by unknown officers of the Stockton Police Department who had guns drawn and pointed at the robbers.   In response, the robbers re-entered the bank and took Claimant and a bank customer hostage to shield and support their escape from the officers.

The robbers, taking with them Claimant and two other hostages then speed away in the bank employee's vehicle.   A high speed chase then predictably ensued and as many as 33 Stockton Police officers exchanged gunfire with the robbers while Claimant and another hostage were still in the car.   At several points, Stockton Police Officers and police officers from other agencies engaged in the pursuit of the robbers and despite knowing that two innocent hostages were in the car, several City of Stockton police officers shot at the car the robbers and hostages occupied. Fearing that she would be killed by shots fired into the car by police officers, Claimant miraculously managed to open the door beside her and jump from the car when the car was traveling at no less than 50 miles per hour.

As a result of the conduct, indifference, containment and pursuit tactics of unknown police officers of the City of Stockton and their open, obvious and confrontational presence at the bank, Claimant was taken as a hostage and exposed to untold physical and emotional harm and loss, the same of which caused and continues to cause Claimant physical and emotional harm and loss.

Claimant is informed and believes that claims exist against the City of Stockton, City of Stockton Police Department, City of Stockton police officers D. Egan, D. Sandoval, J. Zavala, S. McPherson, A. Adams, H. Sensabaugh, N. Hance, E. Bergwerff, J. Sawn, T. Valone, P. Mayer, G. Guerrero, M. Serna, S. Ven, S. Konoske, P. Freer, J. Griffin, P. Smith, I. Rose, N. Urias, M. Sandberg, M. Rodriguez, and other officers whose names are currently unknown to Claimant, County of San Joaquin, County of San Joaquin's Sherriff's Department, City of Lodi Police Department, State of California, California Highway Patrol, and officers of each of the foregoing agencies  whose names are currently unknown Claimant, for assault, battery, infliction of emotional distress, negligence along with violations

of Claimant's federal and state civil and constitutional rights arise out of the incident.

As is presently known, Claimant's injuries include trauma and damage to her head, neck, ears, hips, legs and back, the nature and extent of which currently are unknown, together with lost past earning and future earning and/or earning capacity.

Claimant is informed and believes that this claim exceeds the jurisdictional minimum of the Superior Court of the State of California.

EXHIBIT "B"

Claim 3

**Fill in this information to identify the case:**

Debtor 1   CITY OF STOCKTON, CALIFORNIA

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of California

Case number   2012-32118

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | Who is the current creditor? | Stephanie Koussaya |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| | | |
| --- | --- | --- |
| 2. | Has this claim been acquired from someone else? | ☑ No |
| | | ☐ Yes.  From whom? _____ |

| | | | |
| --- | --- | --- | --- |
| 3. | Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent? (if different)** |
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | see attached | |
| | | Name | Name |
| | | Number      Street | Number      Street |
| | | City          State          ZIP Code | City          State          ZIP Code |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | | _____ | |

| | | | |
| --- | --- | --- | --- |
| 4. | Does this claim amend one already filed? | ☐ No | Filed on 01/08/2015 |
| | | ☑ Yes.  Claim number on court claims registry (if known) _____ | MM / DD / YYYY |

| | | |
| --- | --- | --- |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
| | | ☐ Yes.  Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7. How much is the claim?**   $_____ amount unliquidated . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Personal injury tort claim - see attached.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured:   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No |
| | ☐ Yes. *Check all that apply:* |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12 / 2 / 2015
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Robert A. Piering |
| | First name          Middle name          Last name |
| Title | Attorney for Claimant |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 775 University Avenue |
| | Number    Street |
| | Sacramento                          CA        95825 |
| | City                                State     ZIP Code |
| Contact phone | (916) 446-1944          Email  rob@pieringlawfirm.com |

1
2

## ADDENDUM TO THE AMENDED CLAIM OF STEPHANIE KOUSSAYA
## DEMAND FOR JURY TRIAL

3        Stephanie Koussaya ("Claimant") hereby submits this amendment to her previously filed

4  claim (the "Amended Claim") in the above-captioned chapter 9 bankruptcy case of the City of

5  Stockton, California. The following is a summary only and does not fully describe all damages and

6  liabilities and is not intended to restrict, alter, waive or modify any right, remedy or other matter.

7  This proof of claim is based on the information currently available and is subject, from time to time,

8  to changes, amendments and/or modifications including without limitation, concerning the amounts,

9  liabilities, damages, obligations and/or duties owed to Claimant and to assert additional claims,

10  whether legal or equitable. In addition, this proof of claim is subject to changes, amendments and/or

11  modification including to set forth additional amounts, liabilities, damages, obligations or other

12  matters owed to Claimant including to specify the amount of any contingent, unmatured or

13  unliquidated claims as they become non-contingent, matured and/or liquidated.

14                            ## THE INITIAL CLAIM

15        1.        On January 8, 2015, Claimant timely filed the appropriate governmental claim with

16  the City of Stockton, in accordance with Section 910 and 915(b) of the California Government Code

17  (the "Claim"). Claimant, through her counsel, personally filed the Claim with  the City of Stockton,

18  City Clerk's Office, 425 North El Dorado Street, Stockton, California 95202.  A stamped filed true

·19  and complete copy of that Claim is attached hereto as **Exhibit A**.

20        2.        The *First Amended Plan for the Adjustment of Debtors of City of Stockton,*

21  *California, as Modified (August 8, 2014)* [Docket No. 1645] (the "Amended Plan") classified the

22  Claim as General Liability Claim, which was defined as "a tort or contract Claim filed against the

23  City pursuant to the Government Claims Act, California Government Code section 810 et seq."

24  Amended Plan, p. 13, ln. 9-10.

25        3.        This Amended Claim amended the Claim in that it (i) supplements the Claim with

26  additional documentation related to the pending state court action against the City of Stockton

27  designated as *Koussaya v. City of Stockton*, Case No. 39-2015-00327938-CU-CR-STK (San Joaquin

28  Sup. Ct.) (the "State Court Action"), and (ii) adds Boutin Jones Inc., as associated bankruptcy

1   counsel and as a notice party for the Claim.

2   **BASIS OF CLAIM**

3       4.    On July 16, 2014, at or about 2:10 pm, three armed gunman entered the Bank of the

4   West banking center located on the 7800 block to Thornton Road in Stockton, California. The

5   gunman stated they were robbing the bank and after securing funds from the bank, demanded a car

6   for their escape. A bank employee offered her keys to the robbers and then left the bank with the

7   robbers to direct them to her car. Before reaching her car, the robbers were confronted by unknown

8   officers of the Stockton Police Department who had guns drawn and pointed at the robbers. In

9   response, the robbers re-entered the bank and took Claimant and a bank customer hostage to shield

10   and support their escape from the officers.

11       5.    The robbers, taking with them Claimant and two other hostages then speed away in

12   the bank employee's vehicle. A high speed chase then predictably ensued and as many as 33

13   Stockton Police officers exchanged gunfire with the robbers while Claimant and another hostage

14   were still in the car. At several points, Stockton Police Officers and police officers from other

15   agencies engaged in the pursuit of the robbers and despite knowing that two innocent hostages were

16   in the car, several City of Stockton police officers shot at the car the robbers and hostages occupied.

17   Fearing that she would be killed by shots fired into the car by police officers, Claimant miraculously

18   managed to open the door beside her and jump from the car when the car was traveling at no less

19   than 50 miles per hour.

20       6.    As a result of the conduct, indifference, containment and pursuit tactics of unknown

21   police officers of the City of Stockton and their open, obvious and confrontational presence at the

22   bank, Claimant was taken as a hostage and exposed to untold physical and emotional harm and loss,

23   the same of which caused and continues to cause Claimant physical and emotional harm and loss.

24       7.    As is presently known, Claimant's injuries include trauma and damage to her head,

25   neck, ears, hips, legs and back, the nature and extent of which currently are unknown, together with

26   lost past earning and future earning and/or earning capacity.

27       8.    Claimant was taken hostage and exposed to untold physical and emotional harm and

28   loss due to the conduct, indifference, containment and pursuit tactics of the City of Stockton's police

2

027938.01

1   department in connection with an armed bank robbery that began within the City of Stockton. As a

2   result of this incident, the Claimants hold claims against the City of Stockton for personal injury and

3   emotional distress based on causes of action including, but not limited to, violation of civil rights

4   under 42 U.S.C. § 1983 and California Civil Code § 52.1, assault and battery, and negligence.

5         9.      Under California law, before a party may sue a governmental entity for money

6   damages, that party must first file a claim meeting the requirements of the California Government

7   Claims Act., California Government Code Section 810 *et seq.* The deadline for the Claimants to

8   assert a claim under the California Government Claims Act was January 16, 2015. On or about

9   January 8, 2015, Claimant timely filed such a claim. *See* **Exhibit A**.

10        10.     The City of Stockton failed to act on the Claimants' governmental claim within 45

11  days from the date of filing thereby allowing Claimant to file her *Complaint for Violation of Civil*

12  *Rights; Assault & Battery and Damages* asserting causes of action for violation of civil rights under

13  42 U.S.C. § 1983 and California Civil Code § 52.1, assault and battery, and negligence in the

14  California Superior Court, County of San Joaquin, commencing the State Court Action.

15        11.     On June 28, 2012, prior to the events that injured Claimant, the City of Stockton filed

16  its bankruptcy petition in the United States District Court, Eastern District of California,

17  commencing the above-referenced bankruptcy case under chapter 9 of title 11 of the United States

18  Code (the "Bankruptcy Code").

19        12.     On or about August 8, 2014, the City of Stockton filed its *First Amended Plan for the*

20  *Adjustment of Debts of City of Stockton, California, as Modified (August 8, 2014)* [Docket No. 1645]

21  (the "Amended Plan").  .

22        13.     The Amended Plan provided for the treatment of General Liability Claims in

23  "Class 14 – Claims of Certain Tort Claimants" as follows:

24            The SIR Claim Portion of each Allowed General Liability Claim will be paid on the
             Effective Date from the Risk Management Internal Service Fund, and will receive the
25            same percentage payment on the dollar of Allowed Claim as will the holders of
             Allowed Class 12 Claims. The Insured Portion of each Allowed General Liability
26            Claim is not Impaired, and shall be paid by the applicable excess risk-sharing pool.

27  Amended Plan, p. 43, ln. 11-15.

28  / / /

3

ADDENDUM TO AMENDED CLAIM

027938.01

14.     On February 4, 2015, the bankruptcy court confirmed the City of Stockton's Amended Plan and entered its *Order Confirming First Amended Plan for the Adjustment of Debts of City of Stockton, California, as Modified (August 8, 2014)* [Docket No. 1875].

15.     Additionally, counsel for Claimant and counsel in the City Attorney's office of the City of Stockton engaged in correspondence concerning efforts by Claimant's counsel to obtain public records concerning Claimant and her statements to the police.

## SUPPORTING DOCUMENTS

16.     The documents upon which this Amended Claim is based include: (1) the Claimants' *Governmental Claim Against the City of Stockton (California Government Code Section 910)* (attached hereto as **Exhibit A**); (2) the Claimants' *Complaint and Demand for Jury Trial* (attached hereto as **Exhibit B**); (3) the City of Stockton's *First Amended Plan for the Adjustment of Debts of City of Stockton, California, as Modified (August 8, 2014)* [Docket No. 1645].

17.     Claimants reserve the right to supplement this Amended Claim with additional supporting documentation as necessary and applicable.

## CLASSIFICATION OF CLAIM

18.     The Claimants' Amended Claim is a General Liability Claim pursuant to the City of Stockton's Amended Plan of Reorganization. The amount of the Claimants' Amended Claim will be determined in connection with the trial on the merits of the Amended Claim.

## NOTICES

19.     All notices and distributions in respect of this Amended Claim should be forwarded to counsel for the Claimants via overnight mail:

> Robert A. Piering, Esq.
> Piering Law Firm
> 775 University Avenue
> Sacramento, CA 95825
> Facsimile: (916) 446-1944

With a copy of all notices to be sent to associated bankruptcy counsel:

> Mark Gorton, Esq.
> Boutin Jones Inc.
> 555 Capitol Mall, Suite 1500
> Sacramento, CA 95814
> Facsimile: (916) 441-7597

4

## RESERVATION OF RIGHTS

20. The Claimants hereby reserve the right to amend and/or supplement this Amended Claim from time to time hereafter as it may deem necessary and proper.

21. Nothing herein nor in any other appearance, pleading, claim, suit, motion, complaint, or any other writing or conduct shall constitute a waiver by Claimant of any procedural and/or substantive rights, remedies and/or defenses including, without limitation: (a) the right to have any and all final orders in any and all matters entered only after de novo review by a United States District Court Judge; (b) the right to have any matter heard and tried before an Article III court; (c) the right to trial by jury in any proceeding as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related hereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) the right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; (e) other rights, claims, actions, remedies, defenses, setoffs, recoupments or other matters to which this claimant(s) is/are entitled under any agreements or at law or in equity or under the United States Constitution; or (f) the right to be served directly with pleadings commencing an adversary proceeding, contested matter and/or lawsuit. Claimant reserves all rights under 28 U.S.C. Sections 157(b)(2)(B), (b)(2)(O) and (b)(5) and 28 U.S.C. Sections 1411(a) relating to wrongful death and personal injury tort and wrongful death claims. Claimant does not consent to the bankruptcy court's jurisdiction or the jurisdiction of any other court. Claimant does not consent to the entry of final judgments, orders and/or decrees by the bankruptcy judge/bankruptcy court. At all times, Claimant demands a jury trial.

22. Nothing herein or in any other pleading or paper filed by Claimant is or is to be construed as any waiver of the right or ability of Claimant to demand or require alternative dispute resolution, mediation or similar process which any of them have or may have under the applicable law or otherwise. Nothing herein or in any other pleading or paper filed by Claimant shall limit or impair any right, remedy, claim or interest, whether legal or equitable, including under the applicable law or otherwise, including against any person or entity, including the Debtor.

5

027938.01

23.     Claimant reserves the right to attach or rely upon additional documents or evidence in support of this Proof of Claim if, as, and when such additional documents or evidence become available.

24.     All of the above rights and/or remedies are hereby expressly reserved. Filing of this Proof of Claim or participating in this bankruptcy case shall not be deemed to constitute a concession or admission of jurisdiction in the case or cases or before this Court or any other court. Nor does Claimant waive, and specifically preserves, any procedural and/or substantive defenses to any claim that may be asserted against Claimant by the Debtor, by any assignee/delegate of the Debtor, or by any official committee appointed in this case, or by any other party or group. The filing of this Proof of Claim shall not constitute an election of remedies or choice of law or a waiver of any such rights relating thereto. Nothing contained in this Proof of Claim shall limit any right of Claimant to commence or continue any proceeding or take any action to the extent permitted by the Bankruptcy Code, applicable non-bankruptcy law, or order of a court of competent jurisdiction.

25.     **Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, as made applicable to these proceedings pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, Claimant hereby demands a jury trial. Claimant does not consent to any jury trial by the Bankruptcy Court.**

6

ADDENDUM TO AMENDED CLAIM

027938.01

EXHIBIT "C"

6

1   MARC A. LEVINSON (STATE BAR NO. 57613)
    malevinson@orrick.com
2   PATRICK B. BOCASH (STATE BAR NO. 262763)
    pbocash@orrick.com
3   LESLEY M. DURMANN (STATE BAR NO. 274851)
    ldurmann@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
5   Sacramento, California  95814-4497
    Telephone:   (916) 447-9200
6   Facsimile:   (916) 329-4900

7   Attorneys for Debtor
    City of Stockton

8

9                    UNITED STATES BANKRUPTCY COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

12

| 13  In re: | Case No. 12-32118 |
|---|---|
| 14  CITY OF STOCKTON, CALIFORNIA, | D.C. No.  OHS-96 |
| 15              Debtor. | Chapter 9 |
| 16 | **STIPULATION BETWEEN THE CITY OF STOCKTON AND STEPHANIE KOUSSAYA RE CLAIM NO. 306** |
| 17 | |
| 18 | Date:     April 12, 2016 |
| 19 | Time:     9:30 a.m.<br>Dept:     Courtroom 35 |
| 20 | Judge:    Hon. Christopher M. Klein |

21          The City of Stockton, California (the "City"), and Stephanie Koussaya ("Koussaya" and

22   together with the City, the "Parties") hereby enter into the following stipulation ("Stipulation")

23   and jointly request that the Court approve the Stipulation:

24   **RECITALS**

25          A.      The City filed its chapter 9 petition on June 28, 2012, and the Bankruptcy

26   Court for the Eastern District of California ("Bankruptcy Court") entered its Order For Relief

27   [Dkt. No. 843] on April 1, 2013.

28

1    B. On July 16, 2014, Koussaya was injured during a bank robbery and

2 hostage situation. Koussaya timely filed a government claim with the City on January 8, 2015

3 pursuant to the California Government Claims Act, California Government Code § 810 *et seq.*

4 ("Government Claim"), seeking damages against the City and others on account of the July 16,

5 2014 incident. Koussaya contends and the City disputes that the filing of the Government Claim

6 complied with the requirements of the City's First Amended Plan for the Adjustment of Debts of

7 City of Stockton, California, as Modified (August 8, 2014) [Dkt. No. 1645] ("Plan") relating to

8 the filing of proofs of claim.

9    C. Pursuant to California Government Code § 912.4, the City had 45 days

10 (through March 21, 2015), to expressly reject or deny the Government Claim in writing. Absent

11 express written rejection, the Government Claim is deemed rejected by operation of law. The

12 City did not take any express action to reject or deny the Government Claim, and therefore the

13 Government Claim was rejected by operation of law. The statute of limitations under state law

14 for claims arising out of the July 16, 2014 incident ("Claims") within which Koussaya may

15 timely commence an action against the City and others as delineated in the Government Claim

16 expires on July 16, 2016 – two years from the date the Claims arose.

17    D. On February 4, 2015, the Bankruptcy Court confirmed the Plan. The Plan

18 went effective on February 25, 2015 ("Effective Date"). Pursuant to Article XI.B of the Plan

19 and § 524(a)(1) and (a)(2) of the Bankruptcy Code, the occurrence of the Effective Date gave

20 rise to an injunction against the commencement or continuation of legal actions seeking to

21 recover preconfirmation debts as personal liabilities of the City or to recover against the property

22 of the City on account of such debts ("Discharge Injunction").

23    E. Article II.D of the Plan provides:

24  **All proofs of claim for Other Postpetition Claims arising on or after August
16, 2013, and requests for payment or any other means of preserving and**

25  **obtaining payment of Administrative Claims that have not been paid,
released, or otherwise settled, and all requests for approval of Professional**

26  **Claims, must be filed with the Bankruptcy Court and served upon the City**

27  **no later than 30 days after the date on which the Notice of Effective Date is
served.**

28

- 2 -

STIPULATION BETWEEN THE CITY OF
STOCKTON AND STEPHANIE KOUSSAYA

1   Plan, Article II.D at p. 32, ln. 14-19 (emphasis in original).  The City's Notice of Effective Date

2   contained the same language.

3          F.      The City's Notice of Effective Date was sent to Koussaya's counsel on

4   March 9, 2015.  The City contends and Koussaya disputes that the applicable bar date for

5   Koussaya to file a proof of claim was therefore April 8, 2015.

6          G.      Koussaya initiated a lawsuit in the Superior Court for the County of San

7   Joaquin ("Superior Court"), case no. 39-2015-00327938-CU-CR-STK (the "Lawsuit"), by the

8   filing of a complaint on July 31, 2015.  The complaint contained a prayer for damages against

9   the City, among other prayers for relief.  The City filed a demurrer to the complaint on

10  December 3, 2015, arguing in part that Koussaya's claims against the City were barred by the

11  Discharge Injunction resulting from confirmation of the Plan].

12         H.      On December 3, 2015, Koussaya filed with the Bankruptcy Court her

13  Amended Proof of Claim [Claim No. 306] purporting to amend the Government Claim.  The

14  Government Claim, as purportedly amended, shall be referred to herein as the "Koussaya

15  Claim."

16         I.      Koussaya then filed a First Amended Complaint And Demand For Jury

17  Trial ("First Amended Complaint") in the Superior Court on December 28, 2015.  The First

18  Amended Complaint also contains a prayer for damages against the City, among other prayers

19  for relief.

20         J.      Koussaya contends and the City disputes that the Koussaya Claim is not

21  time barred by either Article II.D of the Plan or the subsequent Notice of Effective Date proof of

22  claim filing requirements.

23                              **STIPULATION**

24         Based on the forgoing Recitals and on the facts particular to Koussaya (and to no other

25  person or such other persons' claims against the City), the Parties agree as follows:

26         1.      Pursuant to Article XI.A of the Plan and § 944 of the Bankruptcy Code,

27  confirmation of the Plan discharged all non-excepted, pre-confirmation debts of the City in

28  exchange for the rights afforded in the Plan and the treatment of all holders of Claims (as the

- 3 -

STIPULATION BETWEEN THE CITY OF
STOCKTON AND STEPHANIE KOUSSAYA

1  term "Claims" is defined in the Plan).  The Koussaya Claim was not excepted from such

2  discharge.

3       2.    The Government Claim shall be deemed to be a timely filed proof of

4  claim pursuant to the Ninth Circuit's informal proof of claim doctrine under *In re Sambo's*

5  *Restaurants, Inc.*, 754 F.2d 811, 812 (9th Cir. 1983), and its progeny.  The Amended Proof of

6  Claim shall be deemed to be a properly and timely filed amendment to the Government Claim.

7       3.    The Lawsuit is void pursuant to Bankruptcy Code § 524(a), and the

8  Koussaya shall dismiss the Lawsuit without prejudice within 14 days from the entry of a final,

9  non-appealable order approving this Stipulation.  Each of the Parties agrees not to appeal the

10  order approving this Stipulation.

11       4.    The statute of limitations under state law for Koussaya to commence an

12  action against the City among others on account of the Claims expires on July 16, 2016.

13       5.    Conditioned upon the dismissal without prejudice of the Lawsuit, a

14  dismissal to which the City will not object, Koussaya shall be granted partial relief from the

15  Discharge Injunction in order to commence a new action in the Superior Court to litigate all

16  causes of action against the City, among other parties, on the underlying Claims (the "New

17  Action").  The Parties agree that the legal and factual merits of the Claims shall be determined

18  by the Superior Court, and that the Superior Court has jurisdiction to determine the validity and

19  amount of the Claims.

20       6.    The complaint in the New Action shall state that: (1) any judgment,

21  settlement, or other final determination obtained by Koussaya against the City shall be treated in

22  accordance with the terms of the Plan for claimants holding claims classified in Class 14 –

23  Claims of Certain Tort Claimants; and (2) Koussaya shall not execute on any judgment or

24  settlement or seek recovery as against the City or any property of the City except as provided for

25  in the Plan.

26       7.    Upon entry of any judgment, settlement or other final determination in the

27  New Action of the validity and the amount of the causes of action underlying the Koussaya

28  Claim, the City will be legally obligated to pay as damages such judgment, settlement, or other

- 4 -

STIPULATION BETWEEN THE CITY OF
STOCKTON AND STEPHANIE KOUSSAYA

1   final determination subject to the provisions of the Plan, including but not limited to, the

2   application of the discount as provided for in the treatment of Class 14 – Claims of Certain Tort

3   Claimants in which Koussaya Claim was placed.  Notwithstanding any such judgment,

4   settlement, or other final determination, Koussaya shall waive only its right to collect the SIR

5   Claim Portion (as "SIR Claim Portion" is defined in the Plan) of the Koussaya Claim which the

6   City would be required to pay to Koussaya under the Plan.

7            8.       As set forth in the Plan, "[t]he Insured Portion of each Allowed General

8   Liability Claim is not Impaired, and shall be paid by the applicable excess risk-sharing pool."

9   This Stipulation is not intended in any way to impair, restrict, diminish or enlarge Koussaya's

10  ability to recover the Insured Portion (as "Insured Portion" is defined in the Plan) of any

11  eventual judgment, settlement, or award against the City from the applicable excess risk sharing

12  pool.  For the avoidance of any doubt, the "property of the City" referenced in paragraph 6 does

13  not include the Insured Portion.

14           9.       Except as expressly provided in this Stipulation, all rights of the City to

15  object to or defend against the claims in the New Action on any ground are expressly preserved.

16  However, so long as the complaint and other allegations in the New Action are consistent with

17  the statements in Paragraph 6 of this Stipulation, the City shall not assert in the New Action that

18  (1) the Discharge Injunction prohibits Koussaya from pursuing the New Action in the Superior

19  Court, or (2) the New Action is barred by the applicable statute of limitations as long as the New

20  Action is filed by July 16, 2016.

21           10.      The Parties consent to the entry of an order approving this Stipulation by

22  the Bankruptcy Court.

23           11.      The Parties each shall pay their respective fees and costs arising out of this

24  Stipulation and any related pleadings.

25           12.      This Stipulation may be executed in facsimile or electronic counterparts

26  and shall be deemed complete and effective as if it were executed as one original document.

27

28

STIPULATION BETWEEN THE CITY OF
STOCKTON AND STEPHANIE KOUSSAYA

1    Dated: March 25, 2016              BOUTIN JONES, INC.

2

3                                       By: _____

4

5                                            Mark Gorton
                                             Attorneys for Stephanie Koussaya

6

7    Dated: March 28, 2016             ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9

10                                      By: _____

11                                           Marc A. Levinson
                                             Attorneys for City of Stockton, Debtor

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHSUSA:764881732.1                    - 6 -              STIPULATION BETWEEN THE CITY OF
                                                         STOCKTON AND STEPHANIE KOUSSAYA